**Alice KALTMAN–GLASEL,**
**Plaintiff–Appellant,**

**v.**

**Francis M. DOOLEY, Stuyvesant K. Bearns, and Shipman & Goodwin LLP, Defendants–Counter–claimants–Appellees,**

**Edward W. Dunham, William R. Davis, and Margaret P. Mason, Special Masters.**

No. 02–9457.

United States Court of Appeals, Second Circuit.

Nov. 21, 2003.

John R. Williams, New Haven, CT, for Appellant.

Patrick M. Noonan, Delaney, Zemetis, Donahue, Durham & Noonan, Guilford, CT (Patrick M. Fahey, Shipman & Goodwin LLP, Hartford, CT, on the brief), for Appellee.

Present: WALKER, Chief Judge, LEVAL, and CABRANES, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Alice Kaltman–Glasel ("appellant") appeals from a judgment of the United States District Court for the District of Connecticut (Janet Bond Arterton, *District Judge* ) awarding defendants-appellees-counter-claimants ("appellees") $67,173.83 in damages. Kaltman–Glasel appeals, contending that the district court had no subject matter jurisdiction over appellees' counter-claims once her claims were disposed of by summary judgment because appellees' claim did not meet the amount in controversy requirement of $75,000 for diversity jurisdiction under 28 U.S.C. § 1332. At oral argument, appellant offered an argument different from any in her brief: counsel suggested that since the counterclaims did not articulate a basis for jurisdiction pursuant to Federal Rule of Civil Procedure 8, and the district court did not make any independent determination that the counter-claims arose from a common nucleus of operative fact, this court should find a failure of subject matter jurisdiction on the counterclaims. Kaltman–Glasel also argues that the appellees' counterclaims were time-barred under Conn. Gen.Stat. § 52–581. Because none of appellant's contentions have any colorable merit, we affirm.

■ We review legal conclusions about subject matter jurisdiction *de novo*. *Via-com Int'l, Inc. v. Kearney,* 212 F.3d 721, 726 (2d Cir.2000). The case before us presents a textbook example of an appropriate exercise of that jurisdiction pursuant to 28 U.S.C. § 1367. The district court "may exercise 'supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.' " *Viacom,* 212 F.3d at 726 (quoting 28 U.S.C. § 1367(a)). Here, the appellees' state law counter-claim for unpaid legal fees was plainly derived "from a common nucleus of operative fact" that was the basis of the appellant's legal malpractice claim in diversity. *See Cicio v. Does 1–8,* 321 F.3d 83, 97 (2d Cir.2003). Having been seized with subject matter jurisdiction over the counterclaims, the district court did not lose it by disposing of appellant's claims-in-chief.

■ Appellant alleged at oral argument that the pleading instructions of Rule 8(a) required the defendants to assert a basis for the district court's jurisdiction on its counterclaim. This argument has no merit. Appellant waived this argument by failing to address it in her brief, *Frank v. United States,* 78 F.3d 815, 832–33 (2d Cir.1996), *vacated on other grounds,* 521 U.S. 114, 117 S.Ct. 2501, 138 L.Ed.2d 1007 (1997); in any case, the language of Rule 8(a) makes plain that a new statement of jurisdictional basis is not necessary when "the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it." Fed. R. Civ. Pro. 8(a). Finally, even if there were a pleading failure, our *de novo* review allows us to find, as we do, that the counter-claim clearly arose from a common nucleus of operative fact and the exercise of supplemental jurisdiction was appropriate.

Nor can Kaltman–Glasel prevail on her argument based on the statute of limita-

tions, because she waived it. When the issue was raised in the district court, the judge suggested that statute of limitations questions not be presented to the jury but be presented to the court. Plaintiff agreed and made no objection to the jury charge, which omitted all issues pertinent to timeliness. Thereafter, Kaltman–Glasel never raised the question again until she appealed. Accordingly, the question was not preserved for appeal and is not properly before us.

We have carefully considered all of appellant's arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**